# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **XIMENA NAVARRETE,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**AMAZON,**<br><br>　　　　**Defendant.** | **Case No. 1:22 -cv-03294 (ABJ)** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION TO AMEND COMPLAINT

**I.   INTRODUCTION**

Defendant Prime Now LLC ("Defendant"), improperly identified as "Amazon," asks the Court to deny Plaintiff Ximena Navarrete's ("Plaintiff") Motion for Leave to File Amended Complaint because, as set forth in Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint (ECF 24): (1) the proposed Amended Complaint fails to comply with Rule 8 in that it is not a "short and plain statement of the claim;" (2) Plaintiff did not administratively exhaust several of her claims; and (3) the proposed Amended Complaint contains new allegations that were not raised in the original Complaint which cannot "relate back" for purposes of Plaintiff's DCHRA claims.[1] In response to Plaintiff's Supplemental Motion to Amend Complaint concerning

---

[1] Plaintiff has concurrently filed a "Statement Regarding Prosecution of Causes of Action in Proposed Amended Complaint" offering to "not seek to prosecute" Counts 4, 7 and 8 of the Proposed Amended Complaint if leave to amend is granted. (ECF 55). In addition, she states she will "seek leave of the Court to serve all defendants not yet properly served." (*Id*.). To the extent Plaintiff seeks to serve Defendant Prime Now LLC, Defendant does not object to Plaintiff attempting service. However, the proposed Amended Complaint also describes place-keeper John and Jane Doe Defendants in its caption. (ECF 19-1). To the extent that individuals are described in the proposed Amended Complaint as potential wrongdoers, but have not been named as defendants in this matter, Defendant would object to service of a complaint on these individuals as they are non-parties to this action at this time.

the issue of the possible "relation back" of her DCHRA claims, Defendant submits this memorandum in opposition.

## II.     ARGUMENT

Plaintiff claims in her supplemental brief that her new DCHRA claims "relate back" to the filing date of her Complaint because they arise out of the same events that comprise her Title VII claims. (ECF 54, p. 3). They do not.

"An amendment to a pleading relates back to the date of the original pleading when… the amendment asserts a claim… that arose out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth. The court must inquire into whether the opposing party has been put on notice regarding the claim. If the alteration is so substantial that it cannot be said that defendant was given adequate notice . . . then the amendment will not relate back and will be time barred if the limitations period has expired." *Dave v. District of Columbia*, 811 F. Supp. 2d 111, 116 (D.D.C. 2011) (internal citations omitted). The grant or denial of leave is committed to the discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

*Dave* is instructive because, there, plaintiff generally alleged discrimination through his employment, including his termination, and plaintiff filed a motion for leave to file an Amended Complaint to include a Section 1981 claim. In granting the motion for leave, the Court explained: "the amended complaint contains *no new factual allegations* upon which the plaintiff seeks to base his proposed § 1981 claims" and, again, noted, [b]ecause no new facts are alleged," the court "concludes that the defendant had adequate notice of the facts upon which the plaintiff's Section

1981 claim is based." 811 F. Supp. 2d, at 116-117 (emphasis added).

Here, the Complaint, filed on July 8, 2022, consists of only four averments. (ECF 6). First, Plaintiff complained that on December 28, 2020 the Arlington store manager told her that she could not return to the store and wanted to take her phone from her by force. (*Id*. at pp. 1-2). Second, she alleged that on December 12, 2020, at the "P St. store" in the District of Columbia "Malik" touched her breasts and wanted to hug her and that he had been doing that for a very long time. (*Id*. at p. 2). Third, she averred that "Renika," store supervisor for the "P St." store, had been saying horrible things and incited intolerance and discrimination including accusing Plaintiff of wanting to make easy money from Amazon and saying that he was dangerous. (*Id*.). Fourth, Plaintiff alleged that Whole Foods employees, and employees in general, called her "Victor" and "dude," "macho man," "Mr.," and "Sr." (*Id*.).

The proposed Amended Complaint, however, contains many new allegations that are separate and distinct from those included in the original Complaint. Plaintiff now alleges specific instances of sexual assault where an employee groped her buttocks and breasts, another exposed his male genitals to her, one sent her explicit text messages and photographs of male genitals, another humped her buttocks and hip, and yet another employee forced her head down to simulate the act of performing oral sex. (ECF 19-1, ¶¶ 78-83, 128-130, 138-140). She also avers that yet a different employee rubbed his penis on her and blew into her ears. (*Id*., ¶ 86). Plaintiff's new claims include that still another employee purportedly made death threats towards her and would kick her on the back of her ankles to try to make her fall. (*Id*., ¶¶ 87, 92-95). Plaintiff also claims that she was terminated in retaliation for seeking "redress from the discrimination and/or harassment," an allegation missing from her original Complaint. (*Id*., ¶ 91). The Complaint does not mention termination at all. The proposed Amended Complaint also makes numerous new averments

3

concerning managers and their alleged bad conduct that are not included in the Complaint. (*Id.*, ¶¶ 105-122). Finally, it includes a new assertion that a security guard employed by Defendant allegedly came to her home and raped her after asking Plaintiff for sex in exchange for assisting her in resolving problems she was having at work. (*Id.*, ¶¶ 140, 144).

These new allegations do not arise out of, nor are they related to, the same four incidents described in the Complaint filed by Plaintiff in July of 2022. As such, much of Plaintiff's proposed Amended Complaint cannot "relate back" to her Complaint so as to be considered timely for the purposes of Plaintiff's proposed new DCHRA claims.[2] Plaintiff's proposed Amended Complaint, therefore, is not like that in *Dave*. It is more akin to that in *Jones v. Bernanke*, 557 F.3d 670 (D.C. Cir. 2009). In *Bernanke*, the plaintiff had brought a retaliation claim against his former employer. In his original complaint he alleged that his employer retaliated against him when it downgraded his evaluations in reaction to complaints he made about what he believed was a discriminatory failure-to-promote. *Id.* at 675. He later amended his complaint to include a claim for discrimination based on the underlying failure-to-promote. *Id.* at 673. The Court found that the employee should not have been allowed to amend his complaint to include the discrimination claim, because the factual basis for that claim was "identified nowhere in the original complaint" and so could not relate back under Rule 15(c). *Id.* at 675.

Here, although Plaintiff's legal theory—sex discrimination and harassment—does not change between her original Complaint and the proposed Amended Complaint, the underlying factual allegations have changed to an extreme degree. To the extent that Plaintiff includes these new, discrete claims in her proposed Amended Complaint, her motion should be denied because

---

[2] Also, to the extent that they are not included in her EEOC Charge of Discrimination, they have not been administratively exhausted for the purpose of her Title VII claim. *See Mogenhan v. Shinseki*, 630 F. Supp. 2d 56, 60 (D.D.C. 2009)

4

those claims would now be untimely, and do not relate back because they are "identified nowhere in the original complaint." For that reason, Plaintiff's motion for leave to amend her complaint is futile, and should be denied.

### III.  CONCLUSION

For the reasons set forth above, and those set forth in its Opposition to Plaintiff's Motion for Leave to File Amended Complaint (Doc. 24), Defendant Prime Now LLC respectfully requests that the Court deny Plaintiff's Motion for Leave to File Amended Complaint.

Dated: April 15, 2024

Respectfully submitted,

/s/ *Brandon R. Mita*
Brandon R. Mita (Bar No. 986059)
bmita@littler.com
Littler Mendelson, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC  20006.4046
Telephone:   202.842.3400
Facsimile:    202.842.0011

Michael A. Chichester, Jr. (*Admitted Pro Hac Vice*)
mchichester@littler.com
Littler Mendelson, P.C.
500 Woodward Ave.
Suite 2600
Detroit, MI 48226
Telephone: 313.446.6400
Facsimile: 313.446.6405

*Attorneys for Defendant Prime Now, LLC*