**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **XIMENA NAVARRETE,** | **Case No. 1:22-cv-03294-ABJ** |
| **Plaintiff,** | |
| **v.** | |
| **AMAZON, INC.,** | |
| **Defendant.** | |

**STIPULATED PROTECTIVE ORDER**
**AND FRE 502(d) AND (e) CLAWBACK AGREEMENT AND ORDER**

**WHEREAS,** the parties in the above-captioned matter have agreed that the proceedings may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, medical and health, tax, financial, and personally identifiable information, documents, electronically stored information (including metadata), and other materials;

**WHEREAS,** the parties have agreed to produce "Confidential" or "Highly Confidential" documents and information only on the agreement that they will be disclosed only as provided herein;

**WHEREAS,** the parties have agreed to stipulate to protect certain privileged and otherwise protected documents and information against claims of waiver in the event they are produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request or informal production;

**WHEREAS**, the parties may be required to produce large volumes of documents and information, the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or

privileges applicable to the documents and information produced, including as against third parties and other federal and state court proceedings, and in addition to their agreement, need the additional protections of a Court Order under Federal Rules of Evidence 502(d) and (e) to do so;

**WHEREAS**, to comply with applicable discovery deadlines, a party may be required to produce certain categories of documents and information that have been subject to minimal or no attorney review.  This Stipulated Protective Order and Clawback Order ("Protective Order") is designed to foreclose any arguments that the disclosure of documents and information (including, without limitation, metadata) subject to a legally recognized claim of privilege, including the attorney-client privilege, work product doctrine, or other applicable privilege, by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure, that the Producing Party did not take reasonable or timely steps to rectify such disclosure, and/or that such disclosure acts as a waiver of applicable privileges or protections associated with such documents and information ;

**WHEREAS,** the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

**THEREFORE**, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of "Confidential" or "Highly Confidential" on the terms set forth herein, as well as an Order, pursuant to Federal Rule of Evidence 502, affording inadvertently produced privileged documents and information the protections of rules 502(d) and (e) and governing their return.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1.      This Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) and (e) of the Federal Rules of Evidence.

4916-8390-9960.1 / 114766.1080
7/2/2025 5:24 PM

2.     This Protective Order governs the use and handling of confidential, non-public, and/or sensitive documents and information, including without limitation, testimony, responses to requests for admission, notice(s) of deposition, deposition transcripts and exhibits, deposition responses upon written questions, interrogatory responses, documents produced with initial disclosures and/or in response to document requests, documents created or produced by Court order or by subpoena, and all other information, including all copies, excerpts and summaries thereof.

3.     All "Confidential" or "Highly Confidential" documents and information produced in this action shall be used only for the purpose of this action and shall not be used in any other litigation, arbitration, mediation or other proceeding of any type.

4.     "Confidential" information shall include any information of any type, kind, or character that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of either Party or any third parties, and which is so designated by either the Producing Party or Receiving Party, whether it be a document or information contained in a document, electronic media, revealed during a deposition, provided in response to an interrogatory, produced in response to a request for production or subpoena, or otherwise. Information designated "Confidential" shall include:

    a.  Personal data and information, in any form, regarding individual employees, or former employees, of any party or its parents, subsidiaries, affiliates, predecessors, successors, or assigns, including but not limited to identifications, specific compensation and benefit amounts, medical and psychological conditions, marital status, work performance, disciplinary actions, and work history;

4916-8390-9960.1 / 114766.1080
7/2/2025 5:24 PM

b.  Information or data that may be deemed a trade secret under applicable law or that a party in good faith believes would create a substantial risk of serious financial or other injury if disclosed and that such risk cannot be avoided by less restrictive means;

c.  Personnel information relating to current or former employees of Defendant that is of a generally understood personal and confidential nature, such as physical and electronic mail addresses, telephone numbers, social security numbers, compensation and tax information, protected health information, criminal convictions, or credit history, and corrective and disciplinary counseling issued to non-parties;

d.  Business, personnel, marketing, pricing, production, technical, operational, financial, proprietary, or other information or data, in any form, that has been created, compiled, or otherwise obtained by a party or its predecessor(s) or successor(s) or their employees or agents which derives economic value, actual or potential, from not being generally known to or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use, and which is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

e.  Information of Defendant and its employees or agents that has been treated as Confidential by Defendant, including the manner in which it conducts and conducted its business operations, trade secrets, and financial information not available to the general public, and the collection of sensitive and private customer information that is not made known to the general public.

-4-

5.     The designation of "Confidential" or "Highly Confidential" information for the purposes of this Protective Order shall be made in the following manner:

    a.     Deposition Transcripts.   The portion of the transcript that includes the Confidential or Highly Confidential information (and all copies) may be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the party asserting confidentiality.

    b.     Deposition Testimony.  By a statement on the record by counsel at the time of such disclosure (and which shall be marked by a court reporter as "Confidential" or "Highly Confidential" on the deposition transcript), or by written notice sent by counsel to all parties within ten (10) business days after receipt of the transcript of the deposition to all counsel of record for the parties to the action.

    c.     Filings.   If documents containing Confidential or Highly Confidential information are to be filed with the Court, the filing party may redact any Confidential or Highly Confidential information that is not required to substantiate the arguments for which the documents containing such information are filed and/or mark each page containing such information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

6.     "Confidential" or "Highly Confidential" information shall be held in confidence by each qualified recipient (as defined in paragraph 8) to whom it is disclosed, shall be used only for purposes of this action and any related appellate proceeding and not for any other purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced "Confidential"

-5-

or "Highly Confidential" information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

7.      Nothing in this Order shall be read to restrict or promote any limitations which may be placed on the use of "Confidential" or "Highly Confidential" information at trial.  If this action goes to trial, the parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which "Confidential" or "Highly Confidential" information may be introduced into evidence or otherwise used at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such "Confidential" or "Highly Confidential" information at trial or evidentiary hearing upon reasonable notice to all Producing Parties. Further, the parties reserve the right to petition the Court to seal records containing "Confidential" or "Highly Confidential" information, and reserve the right to seek additional protective order(s) if the need arises.

8.      Except as otherwise directed by this Court:

    a.      "Confidential" information produced by parties and protected by this Court shall be revealed only to the following qualified recipients:

        i.      The Court and its officers, including stenographic reporters engaged in transcribing the testimony or argument at a hearing, trial, or deposition in this action;

        ii.      Counsel of record in this action, and their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in the conduct of this action;

        iii.      The parties to this action;

-6-

iv.     Fact witnesses, to the extent necessary in the prosecution or defense of this action;

v.      Expert witnesses or litigation consultants engaged by a party or its counsel to serve as an expert witness or as a consultant in this action;

vi.     Any mediator retained by the Parties in connection with this action, and their supporting personnel;

vii.    Third party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling of data connected with this case; or

viii.   Other persons by written agreement of the parties.

b.   "Highly Confidential" information may be disclosed only to any persons falling within subparagraphs (a)(i), (ii), and (v) – (vii) above, and shall not be disclosed or revealed to any party.

c.   Prior to the disclosure by the parties or their counsel of any "Confidential" or "Highly Confidential" information to any person referred to in subparagraphs (a)(iv) – (viii) above, that person must agree to be bound by the terms of this Order and shall sign a declaration in the form annexed hereto as Exhibit A.

9.     Neither "Confidential" nor "Highly Confidential" information shall be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of the litigation. All such copies or reproductions shall be subject to the terms of this Protective Order. No information obtained under this Protective Order shall be added to any electronic database for any purpose other than:

a.   The analysis and review of data for this action, or

4916-8390-9960.1 / 114766.1080
7/2/2025 5:24 PM

      b.    The creation of a duplicate electronic image of the documents, subject to the restrictions applicable to photocopies described in this paragraph.

10.    Inadvertent disclosure or production of or failure to designate any materials or information as "Confidential" or "Highly Confidential" shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the "Confidential" or "Highly Confidential" designation, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material or information inadvertently disclosed or produced without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Protective Order. The Receiving Party must treat such information as "Confidential" or "Highly Confidential" from the date designation is received. Disclosure, prior to the receipt of designation, of such information that was inadvertently not designated "Confidential" or "Highly Confidential" to persons not authorized to receive "Confidential" or "Highly Confidential" Information shall not be deemed a violation of this Protective Order. However, after receipt of designation, the Receiving Party must immediately retrieve all information or materials that are either "Confidential" or "Highly Confidential" that is in the possession or control of persons not authorized to receive "Confidential" or "Highly Confidential" Information.

11.    Pursuant to Fed. R. Evid. 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state court proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a party's discovery request, or informal production, as follows:

4916-8390-9960.1 / 114766.1080
7/2/2025 5:24 PM

a.    The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document and shall not result in any waiver, including subject matter waiver, of any kind.

b.    If, during this action, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"), the Receiving Party shall:

    i.    Refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;

    ii.    Immediately notify the Producing Party in writing it has discovered a documents or information believed to be a Protected Document;

    iii.    Specifically identify the Protected Documents by Bates number range or hash value, and, within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the contents thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not

be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

c.  If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  If any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d.  If, during this action, a party determines it has produced a Protected Document:

    i.  The Producing Party may notify the Receiving Party of such production in writing, and demand the return of such document.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document

-10-

produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege or protection, and shall provide the Receiving Party with a log for such Protected Documents consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  If any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii.   The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the contents thereof.  If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e.   If the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been

4916-8390-9960.1 / 114766.1080
7/2/2025 5:24 PM

resolved.  If the Receiving Party disclosed the Protected Document before being notified of its production, it must take reasonable steps to retrieve it.

f.      The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

i.      The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii.     The disclosure of the Protected Documents was not inadvertent;

iii.    The Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv.     The Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g.      Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

h.      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the

Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

i.   Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

12.   Any party may object to the designation of any documents, materials, information, or testimony as "Confidential" or "Highly Confidential" by giving written notice to the Producing Party that it objects to the designation. If the Receiving Party objects to the claim(s) that documents, materials, information, or testimony should be deemed "Confidential" or "Highly Confidential," the documents, materials, information, or testimony shall be treated as "Confidential" or "Highly Confidential" pending resolution of the parties' dispute. If the Receiving Party objects, the Receiving Party shall inform the Producing Party in writing that the document, materials, information, or testimony should not be so deemed, and the parties shall attempt first to dispose informally of such dispute in good faith. If the parties are unable to resolve their dispute within ten (10) business days of the objection, the Producing Party may apply to the Court for an Order that the documents, materials, information, or testimony so designated are entitled to such status and protection. That application must be made within five (5) business days of the end of the aforementioned ten (10) business day period. The Producing Party has the burden

-13-

of showing that there is good cause for documents, materials, information, or testimony to have such designated protection. The documents, materials, information, or testimony shall continue to have Confidential or "Highly Confidential" status during the pendency of any such motion.

13.     Counsel for a party may disclose "Confidential" or "Highly Confidential" information to any actual or potential witness not otherwise identified above as an approved recipient of such information provided counsel has obtained consent of counsel for the Producing Party. However, this consent is not required if:

    a.    The person is an author or recipient of the "Confidential" or "Highly Confidential" information, or

    b.    The person is a former employee of the producing party or non-party and is known with certainty to have prior knowledge by virtue of employment with the Producing Party of the specific "Confidential" or "Highly Confidential" information to be disclosed.

14.     Each party shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential" or "Highly Confidential" information as defined by the terms of this Protective Order. A copy of this Protective Order shall be attached to each subpoena that a Party issues to any non-party, who may invoke its terms to protect "Confidential" or "Highly Confidential" information.

15.     Persons may be shown "Confidential" information during their deposition but shall not be permitted to keep copies of said "Confidential" information nor any portion of the deposition transcript reflecting the "Confidential" information, except with the consent of the Producing Party. Violation by any person of any provision of this Protective Order may be

-14-

punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to them for breach of the terms of this Protective Order.

16.    Restrictions on Use of AI to process Confidential or Highly Confidential Information. The following restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude, and similar tools or applications. Absent notice to and written permission from the Producing Party, any person or entity authorized to have access to "Confidential" and/or "Highly Confidential" information under the terms of this Protective Order:

a.    Shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow access to "Confidential" and/or "Highly Confidential" information, in whole or in part (including metadata), unless such application, service or analytical software:

i.    Does not further transfer the "Confidential" and/or "Highly Confidential" information to another provider, unless the Receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that party to comply with its obligations under this Protective Order; and

ii.    Provides the Receiving Party the ability to remove or delete from the system all "Confidential" and/or "Highly Confidential" information.

b.    Shall not permit any "Confidential" or "Highly Confidential" information to be used to train any artificial intelligence tool.

17.    Information Security Protections.

-15-

a.    Any person in possession of another party's "Confidential" or "Highly Confidential" information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such "Confidential" or "Highly Confidential" information, protect against any reasonably anticipated threats or hazards to the security of such "Confidential" or "Highly Confidential" information, and protect against unauthorized access to or use of such "Confidential" or "Highly Confidential" information. To the extent a person or party does not have any information security program they may comply with this provision by having the "Confidential" or "Highly Confidential" information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

b.    If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's "Confidential" or "Highly Confidential" information, the Receiving Party shall:

i.    Promptly provide written notice to Designating Party of such breach;

ii.    Investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and

iii.    Provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If

-16-

required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

18.    The termination of this Action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order.

19.    All "Confidential Information" or "Highly Confidential" information shall be returned as follows:

a.    Within thirty (30) days of the conclusion of the action, and subject to sub-paragraphs (d) and (e) below, all "Confidential" or "Highly Confidential" information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing party. In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all such "Confidential" or "Highly Confidential" information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or

-17-

output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

b.  If "Confidential" or "Highly Confidential" information is furnished to outside experts or consultants pursuant to paragraph 8, the attorneys for the party using such expert or consultant shall have the responsibility of ensuring that all such "Confidential" or "Highly Confidential" information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and shall certify in writing as provided in subpart (a) above.

c.  If "Confidential" or "Highly Confidential" Information has been loaded into any litigation review database, the attorneys for the party using such database shall have the responsibility of ensuring that all such "Confidential" or "Highly Confidential" information (including all associated images and native files), is extracted from such database (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

d.  Counsel of record for the parties may retain copies of any part of the "Confidential" or "Highly Confidential" information produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference "Confidential" or "Highly

Confidential" information that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

e.   The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential" or "Highly Confidential" information to the extent such information is:

i.   Stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes; or

ii.   Only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any "Confidential" or "Highly Confidential" information is not returned or destroyed due to the foregoing reasons, such "Confidential" or "Highly Confidential" information shall remain subject to the confidentiality obligations of this Protective Order.

20.    Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

21.    Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order.

22.    Should "Confidential" or "Highly Confidential" information become the subject matter of a pleading, motion, or other court filing, either party may seek leave, upon further order of the Court and for good cause shown, to file such "Confidential" or "Highly Confidential" information under seal. A party or interested member of the public may challenge the designation

of particular documents that have been filed under seal, by filing their objections with the Court within the time prescribed by the Court for motions.

23.     If the Receiving Party or any of its employees, agents, or consultants, is compelled to disclose any of the Producing Party's "Confidential" or "Highly Confidential" information pursuant to applicable federal or state laws, rules, regulations, or court orders or subpoenas, the Receiving Party, as the case may be, shall provide the Producing Party with prompt notice of any such requirement(s) in writing and shall cooperate with the Producing Party in seeking to obtain any protective order or other arrangement pursuant to which the confidentiality of the Producing Party's "Confidential" or "Highly Confidential" information is preserved. If such an order or arrangement is not obtained, the Receiving Party shall disclose only that portion of the Producing Party's "Confidential" and/or "Highly Confidential" information as is required pursuant to such federal or state laws, rules, regulations, or court orders or subpoenas. Any such required disclosure shall not, in and of itself, change the status of the disclosed information as the Producing Party's "Confidential" or "Highly Confidential" information under the terms of this Protective Order.

24.     The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Protective Order.

25.     Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

a.      Operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or

b.      Prejudice in any way the right of a party at any time:

-20-

i.   To seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order;

ii.  To seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information;

iii. To object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or

iv.  To seek documents or other information from any source.

**SO STIPULATED this 2nd day of July 2025:**

_Ari M. Wilkenfield (with permission)_         _/s/ Brandon R. Mita_

Ari M. Wilkenfield (Bar No. 14006)        Brandon R. Mita, Bar No. 6302544
Erica Bilkis (Bar No. 90026399)         bmita@littler.com
Ari.wilkenfeld@leschtlaw.com         LITTLER MENDELSON, P.C.
Erica.bilkis@leschtlaw.com         815 Connecticut Avenue NW
Alan Lescht & Associates, P.C.         Suite 400
1825 K Street NW Suite 750         Washington, District of Columbia 20006.4046
Washington, DC 20006         Telephone:    202.842.3400
         Facsimile:    202.842.0011

**Attorneys for Plaintiff**

Michael A. Chichester, Jr., MI Bar No. P70823
(_Admitted Pro Hac Vice_)
mchichester@littler.com
LITTLER MENDELSON, P.C.
500 Woodward Ave.
Suite 2600
Detroit, Michigan 48226
Telephone:    313.446.6400
Facsimile:    313.446.6405

**Attorneys for Defendant**

**SO ORDERED on this date, _____July 9, 2025_____.**

-21-

_____
The Honorable Amy Berman Jackson
United States District Judge

cc/ecf: Counsel of record

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| XIMENA NAVARRETE, | Case No. 1:22-cv-03294-ABJ |
| **Plaintiff,** | |
| **v.** | |
| AMAZON, INC., | |
| **Defendant.** | |

**EXHIBIT A:**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1. I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the District of Columbia on _____ in the case of *Ximena Navarrete v. Amazon, Inc.*, Case No. 1:22-cv-03294 (JDB).

2. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment, including contempt. I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for purpose of enforcing the terms of the Order, even if such enforcement proceedings occurring after termination of this action.

**[SIGNATURE ON FOLLOWING PAGE]**

-23-

Dated: _____, 2025

                                                      _____
                                                      Signature

                                                      _____
                                                      Printed Name

4916-8390-9960.1 / 114766.1080
7/2/2025 5:24 PM